SUMMARY ORDER

Rui Wen Wang, a native and citizen of China, seeks review of a May 16, 2008 order of the BIA affirming the October 15, 2006 decision of Immigration Judge (“IJ”) Noel Brennan, which denied his application for relief under the Convention Against Torture (“CAT”). In re Wang, No. A97 952 130 (B.I.A. May 16, 2008), aff'g No. A97 952 130 (Immig. Ct. N.Y. City Oct. 15, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We find that substantial evidence supports the agency’s denial of Wang’s application for CAT relief. We have held repeatedly that without any particularized evidence, an applicant cannot demonstrate that he is more likely than not to be tortured based solely on the fact that he is part of the large class of persons who have left China illegally and on generalized evidence indicating that torture occurs in Chinese prisons. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005).
Here, Wang provided no basis for the IJ to conclude that he, or someone in his “particular alleged circumstances” is likely to face torture. Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003). Wang’s arguments regarding the evidence in the record are misplaced as that evidence does not demonstrate that individuals similarly situated to him are imprisoned and tortured. See Mu Xiang Lin, 432 F.3d at 160. Moreover, contrary to Wang’s assertion, the record demonstrates that the IJ properly considered all of the documentary evidence that Wang submitted in support of his claims. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006) (‘We presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.”). Therefore, substantial evidence supports the agency’s conclusion that he failed to establish eligibility for CAT relief. See Mu-Xing Wang, 320 F.3d at 143-44.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for *23 a stay of removal in this petition is DISMISSED as moot.